IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSSEL WHITE, | § § § | |
| Plaintiff | § § § | |
| v. | § § | CIVIL ACTION NO. 4:17-cv-342 |
| REEM INTERNATIONAL INC. D/B/A GREATWOOD AUTO REPAIR | § § § | JURY TRIAL DEMANDED |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1. Reem International Inc. d/b/a Greatwood Auto Repair ("Defendant") failed to pay overtime compensation to Russel White ("Plaintiff") as required by the Fair Labor Standards Act (FLSA). Instead, Defendant paid him a salary with no overtime pay. Plaintiff regularly worked in excess of forty hours per week with no overtime pay. Accordingly, Plaintiff brings this action on behalf of himself to recover unpaid overtime pay, as well as liquidated damages, attorneys' fees and costs.

### JURISDICTION AND VENUE

2. This Court has jurisdiction because Plaintiff's claims arise under federal law.

3. Venue is proper because Defendant resides in this District and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District.

### THE PARTIES

4. Plaintiff was employed by Defendant within the meaning of the FLSA, and was

1

engaged in interstate commerce as defined by the FLSA. Plaintiff regularly worked over forty hours per week, but was not paid overtime pay.

5. Defendant Reem International Inc. d/b/a Greatwood Auto Repair is a Texas corporation.

6. Defendant's business involves performing maintenance, repairs and auto body work.

7. At all times pertinent to this lawsuit, Plaintiff performed work on vehicles weighing 10,000 pounds or less.

8. Defendant's employee's work, in whole or in part, as body shop employees, auto detail employees, or mechanics on motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce.

9. Plaintiff did not perform auto services for Defendant on vehicles designed or used to transport more than 8 passengers, including the driver, and also used to transport passengers for compensation.

10. Plaintiff did not perform auto services for Defendant on vehicles designed or used to transport more than 15 passengers, including the driver, and not used to transport passengers for compensation.

11. Plaintiff did not perform auto services for Defendant on vehicles used to transport hazardous materials, or on vehicles requiring placarding under regulations prescribed by the Secretary of Transportation.

12. Defendant is a private commercial garage.

13. At all times pertinent to his lawsuit, Plaintiff performed work on personal use vehicles only weighing 10,000 pounds or less.

14. Defendant employed Plaintiff and is, or is part of, an enterprise engaged in interstate commerce and is subject to the FLSA.

15. Defendant has gross annual revenues of $500,000.00 or more.

16. Defendant employs at least two individuals who handled, produced, sold or worked on goods or materials produced for commerce.

17. Defendant may be served with process by serving its registered agent Zuhair Khayal at 1520 Crabb River Road, Richmond, TX, 77469 or wherever he may be found.

## PLAINTIFF'S ALLEGATIONS

18. Defendant employed Plaintiff as an auto mechanic performing oil changes and inspection related work for Greatwood Auto. Plaintiff's job duties included placing vehicles in the "bay", putting vehicles up on lifts to perform routine maintenance and oil changes.

19. Defendant employs at least five (5) other employees to do the same work as Plaintiff.

20. Plaintiff regularly worked in excess of forty hours per week.

21. The Plaintiff was paid a salary of $775 a week and was not paid overtime.

22. During his tenure at Greatwood Auto, Plaintiff was not an exempt employee under FLSA.

23. Defendant's store hours are 8:00 a.m. to 6:00 p.m.

24. Defendant is open 6 days a week, Monday through Saturday.

25. Defendant regularly required Plaintiff to work in excess of 40 hours a week.

26. Plaintiff regularly worked 48 to 55 hours a week.

27. Defendant did not pay Plaintiff time-and-one-half of his regular rate of pay for the hours that the Plaintiff worked over 40 hours a week.

28. Plaintiff worked for Defendant from approximately 2010 until August 31, 2015.

29. There are 5 bays for auto mechanics to perform work at Defendant's location.

30. During Plaintiff's employ with Defendant, there were at least 4 other employees performing automechanic work in addition to Plaintiff.

31. There are also at least 3 employees in the body shop.

32. There are at least 2 employees in the auto detail shop.

33. The body shot and auto detail shop are operated on the same premises and the mechanic bays where Plaintiff worked.

34. During Plaintiff's employ with Defendant, Plaintiff became close with the other auto mechanics, auto detail workers and the body shop workers.

35. Plaintiff would take lunch breaks with the other auto mechanics, auto detail empoyees and the body shop employees.

36. From working with these other employees from 2010 to 2015, Plaintiff knows that these other employees of Defendant were either paid a salary or a commission.

37. From working with these other employees from 2010 to 2015, Plaintiff knows that these other employees of Defendant regularly worked.

38. Similarly to Plaintiff, Plaintiff is aware based upon conversations and firsthand knowledge that none of the automechanics, auto detail employees or body shop employees of Defendant were ever paid time and a half for their overtime hours.

CAUSES OF ACTION

39. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth and re-alleged herein.

**A. Overtime Violation**

4

40. The FLSA requires employers to pay wages at one and one-half times the employee's regular rate for all hours worked over 40 in a workweek.

41. As set forth above, Defendant violated the FLSA by failing to pay Plaintiff overtime pay. Plaintiff's duties as a Auto Mechanic performing work on small vehicles of 10,000 pounds or less did not qualify him for an exemption from the overtime pay requirement.

42. Accordingly, Plaintiff is entitled to recover his unpaid overtime wages.

**B. Quantum Meruit**

43. Quantum meruit is an equitable remedy based upon an implied promise to pay for benefits received. *Wohlfahrt v. Holloway*, 172 S.W.3d 630, 634 (Tex.App.—Houston [14th Dist.] 2005). In order to prove quantum meruit, a party must show that (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged and used and enjoyed by him; (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged. *Id*.

44. As set forth above, Plaintiff rendered valuable services to Defendant as a Auto Mechanic. By employing Plaintiff, Defendant accepted those services. Because Defendant paid Plaintiff's wages, it was on notice that Plaintiff expected to be paid for his services. However, Defendant did not fully compensate Plaintiff. Therefore, Plaintiff brings a claim for relief under the Texas common law of quantum meruit.

### JURY TRIAL

45. Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff requests that this Court award him judgment against Defendant for:

1. his unpaid overtime pay;

2. an equal amount as liquidated damages;

3. reasonable attorneys' fees, costs, and expenses of this action;

4. post-judgment interest at the highest rate allowed by law; and

5. such other and further relief as may be allowed by law.

Respectfully submitted,

TRAN LAW FIRM, L.L.P.

By:    /S/Trang Q. Tran

  Trang Q. Tran
  Texas Bar Number: 00795787
  Federal I.D: 20361
  ttran@tranlawllp.com
  Tran Law Firm, L.L.P.
  2537 South Gessner Road, Suite 104
  Houston, Texas 77063
  (713) 223-8855 Telephone
  (713) 623-6399 Facsimile

  OF COUNSEL:
  Nichole Nech
  State Bar No. 24033816
  Federal Bar No. 435541
  800 Bering Drive, Ste. 220
  Houston, TX 77057
  Telephone: (713) 936-9496
  Facsimile: (888) 557-7257
  nichole@nechtriallaw.com
  nn@tranlawllp.com
  Houston, Texas 77042
  Telephone: (713) 223-8855
  Facsimile: (713) 623-6399

  **ATTORNEYS FOR PLAINTIFF**